Dear Senator Sevario:
This office is in receipt of your opinion request under letter dated June 7, 1993. You ask the following question:
 Are all positions on the South Louisiana Port Commission considered vacant where not confirmed by the Senate in the 1993 Regular Legislative Session?
The South Louisiana Port Commission is composed of seven members. The membership consists of appointments made by the governor, and by the parish presidents, as provided in LSA-R.S.34:2471. Prior law required the parish presidents' appointees to receive the concurrence of two-thirds of the members of the parish council, while only the governor's appointees required Senate confirmation.
It has been suggested that by virtue of Act 204 of the 1993 Regular Legislative Session, all appointments to the South Louisiana Port Commission must now be submitted to the Senate for confirmation, which would necessarily include the appointment to the commission made by a parish president. After an examination of Act 204 in its entirety, this office is of the opinion that this is a reasonable construction of the amendment to LSA-R.S. 34:2471.
The existing language of LSA-R.S. 34:2471 provides, in pertinent part:
 A. There is hereby created a commission to be known as the "South Louisiana Port Commission", which shall be composed of seven members who shall be appointed as follows:
 (1) One resident member from each parish within the territorial jurisdiction of the commission who shall be appointed by the respective parish president with the concurrence of two-thirds of the members of the parish council of that parish from the nominees submitted to him by the following organizations. . . .
The existing language of LSA-R.S. 34:2471(5)(b) provides:
 (b) Each appointment by the governor shall be submitted to the Senate for confirmation.
Act 204 of the 1993 Regular Legislative Session, effective June 1, 1993 amends and reenacts LSA-R.S. 34:2471(5)(b) to provide the following:
 (b) Each appointment shall be submitted to the Senate for confirmation.
The amendment to LSA-R.S. 34:2471(5)(b) quoted above deletes the language "by the governor". We are of the opinion that the legislature intended this deletion to effectuate some change. To construe this language otherwise would render the amendment vain and useless.
Further, Act 204 reflects as a listed objective "to provide for confirmation" of the membership of the South Louisiana Port Commission. Of additional import is language contained in Section 2 of Act 204 which states:
 All members of the South Louisiana Port Commission who have not been confirmed by the Senate on the effective date of this act shall be confirmed in the 1993 Regular Session. Any position which is not confirmed shall be considered vacant.
This office is of the opinion that LSA-R.S. 34:2471 as amended now requires Senate confirmation of all appointees. We are further of the opinion that the language of Section 2 of Act 204 contemplates the existing membership of the South Louisiana Port Commission. As a result, those members appointed by the parish presidents who currently hold memberships on the commission must now receive Senate confirmation. Vacancies will exist in the current membership in those positions that remain unconfirmed by the Senate at the close of the 1993 Regular Legislative Session.
Should you have further questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0254E